S89A0086. JOHNSON et al. v. THE STATE.

(389 SE2d 238)

BELL, Justice.

Appellants, Roderick L. Johnson and James L. Cutts, were each charged with armed robbery, motor-vehicle theft, malice murder and felony murder.[1] They were jointly tried before a jury. They were acquitted on the malice murder and armed robbery charges, but were convicted of felony murder and motor-vehicle theft.[2]

1. Late in the evening of September 6, 1987, the two defendants, along with Kirby Taylor and Reginald Roberts, were stopped for a traffic offense in Sylvester, Georgia. Defendant Cutts was driving the car, which belonged to Roberts. Because Roberts could produce no proof of insurance, the car was impounded and placed in an unfenced parking lot adjacent to the police station. Later that night, the two defendants took the car from the impound lot. They were spotted by a Sylvester policeman, and a high-speed chase ensued that ended when the defendant's car crashed.

As the police prepared to tow away the car, it was discovered that the keys in the ignition did not fit the car; one key would work the ignition switch because the switch was broken, but none of the keys would unlock the doors or the trunk.

The next day, a body was found in an alley in Albany, Georgia (which is some 20 miles west of Sylvester). The victim apparently had been dead two to three days. He died from a gunshot wound to the forehead. His car was discovered abandoned two and one-half miles away. Acting on a tip, Albany police discovered that the keys in the possession of the two defendants fit the victim's car and apartment.

---

[1] Armed robbery and motor-vehicle theft were the underlying felonies charged for felony murder.

[2] The defendants were arrested under warrants dated September 8, 1987. They were indicted May 22, 1988. The case was tried January 17 and 18, 1989. Cutts filed a motion for new trial on February 8, 1989, and Johnson filed a motion for new trial on February 28. The court reporter certified the transcript on February 20, 1989. The trial court denied both motions on April 27, 1989. The appeal was docketed in this Court on June 6, 1989, and was argued on September 18, 1989.

The victim's watch was recovered from defendant Cutts after his arrest.

Kirby Taylor testified at trial that the two defendants had told him on September 6 that they had killed a homosexual man, and showed him the watch they had taken. Janet Taylor, a cousin of defendant Johnson, testified that defendant Johnson admitted to her that he and another had killed a homosexual man by beating him with a pipe and by shooting him between the eyes. A friend of the victim's testified the victim was homosexual.

Before the body was discovered, defendant Johnson, who was 14 at the time, was interviewed in the presence of his mother by a Sylvester police officer about the taking of the car from the impound lot. He was allowed to leave with his mother, with instructions to return later that day (September 7). See OCGA §§ 15-11-17 through 15-11-21 (concerning arrests of juvenile offenders). Before Johnson returned, however, the officer learned that the Albany police wanted to question Johnson about a murder. When Johnson and his mother showed up, they were told to go to Albany and talk to the police there about a homicide. As they were leaving, the officer asked Johnson why he had said nothing about the homicide. Johnson answered, "I wanted to, but I was afraid."

2. The defendants contend the evidence is not sufficient to support the conviction for motor-vehicle theft and, hence, is also insufficient to support the conviction for felony murder. They contend there is only hearsay evidence to identify the victim's car as his, and further contend that hearsay testimony, even when admitted without objection (as they concede occurred here) cannot establish any fact. Our review of the record, however, shows that there was some positive testimony by police officers identifying the victim's car as his and stating that the keys recovered from the defendants fit the victim's car. The defendants did not object to this testimony on the ground of lack of foundation to show personal knowledge. The evidence, when viewed in the light most favorable to the state, is sufficient to support the defendants' convictions for felony murder and motor-vehicle theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Defendant Johnson was not in custody when he stated to the Sylvester police, just before he left, that he had wanted to talk about the homicide the evening before but was afraid to. Therefore, the requirements of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), are inapplicable, and the trial court did not err by admitting Johnson's statement. *Findley v. State*, 251 Ga. 222 (1) (304 SE2d 898) (1983).

4. Thirteen-year-old Terrell Cutts was called as a state's witness. He testified that he was a cousin of defendant Cutts. He denied that defendant Cutts ever told him anything about the crime, and denied

ever telling his fifth-grade class about the crime.

Over objection, Terrell Cutts' fifth-grade teacher testified that, during a communications exercise in her fifth-grade English class, Terrell Cutts gave a report about a crime. He told the class he knew who was involved; that his cousin and another guy called "Rah Rah" killed someone they thought was from Florida "but he was not the right person"; and that "his cousin told the guy to shoot him." ("Rah Rah" was defendant Johnson's nickname.)

Terrell Cutts did not tell the class how he came by this information.

The defendants contend that it was error to admit the teacher's testimony. The state responds that under *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), prior inconsistent statements are admissible.

We agree that a prior inconsistent statement of a witness who has testified and is subject to cross-examination is admissible as substantive evidence over an objection that, simply because it is an out-of-court statement, it is hearsay, or impeaching only. *Alderman v. State*, 254 Ga. 206 (7) (327 SE2d 168) (1985). However, we cannot agree that a prior inconsistent statement is admissible simply because it is a prior inconsistent statement, no matter what the objection. Such a rule would give out-of-court statements a substantially wider range of admissibility than in-court testimony.

The record in this case does not show how Terrell Cutts acquired his information; he could merely have been repeating rumors, or he might have acquired information second or third hand. It would have been error to allow Terrell Cutts personally to testify over objection about a crime of which he had neither personal knowledge nor information directly from one of the defendants themselves. The testimony of his teacher was no more admissible than his would have been, and the trial court erred by admitting it in evidence over the defendants' objections.

Under the circumstances of this case, we do not find the error harmless. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). We therefore reverse the defendants' convictions.

5. The remaining enumerations of error need not be addressed. *Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 1990.

*Hodges, Erwin, Hedrick & Kraselsky, William A. Erwin, Betty S. Frazer, Brimberry, Kaplan, Campbell & Donaldson, George P. Donaldson III,* for appellants.

*Britt R. Priddy, District Attorney, Robert E. Baynard, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benja-*

*min Woolf,* for appellee.