A92A1527. JOHNSON v. THE STATE.
(423 SE2d 702)

</div>

MCMURRAY, Presiding Judge.

Defendant was indicted for violating Georgia's Controlled Substances Act by possessing cocaine with intent to distribute. The evidence adduced at a jury trial showed that defendant and about 15 or 20 other people were occupying a house at the time of a police raid and that a search of an upstairs bathroom toilet revealed a plastic bag containing a "white chunky substance" which appeared to be crack cocaine. More specifically, Officer Ricky Morris of the City of Lavonia Police Department testified that defendant fled to the upstairs bathroom after the officer entered the house and announced that he had a search warrant and that other law enforcement officers would soon be arriving. Officer Morris explained that he immediately pursued and apprehended defendant, but that he did not then search the bathroom or look in the toilet. However, Special Agent Mark McClure of the Georgia Bureau of Investigation testified that he was in the upstairs bathroom and that he looked in the toilet and observed "a small zip-lock bag containing a white chunky substance [that he] suspected [was] crack cocaine." Special Agent McClure further testified that he interviewed defendant the day after the search and that defendant executed the following statement:

" 'I give the following statement freely and voluntarily. The cocaine found at my house at 41A Textile Street in Lavonia floating in the toilet bowl upstairs was mine. I was in the toilet as officers approached and entered my house. Allen Colbert and myself traveled to Florida last week. I spent about $500 in Florida. Last year, 1989, I made a total of approximately $3,000 working for myself in the car stereo business. I have not done much stereo work in the last six months. The Oldsmobile 98 belongs to Allen Colbert. The figures in the notebook seized at my house were my records of money I loaned out to certain people. The cocaine found in my house belongs to me, not my sister, Laura Ann Johnson. I give the above statement freely

and voluntarily. I have not been threatened or promised anything.' "

Defendant was found guilty of possession of cocaine with intent to distribute. This appeal followed. *Held*:

Defendant contends the trial court erred in denying his motion for a directed verdict of acquittal, arguing the State failed to prove that the substance found in the upstairs toilet was cocaine.

The State offered no expert testimony identifying the "white chunky substance" found in the upstairs toilet as cocaine. The State relied primarily on defendant's admission that "[t]he cocaine found at my house at 41A Textile Street in Lavonia floating in the toilet bowl upstairs was mine." This evidence alone is not sufficient to authorize a finding that defendant is guilty, beyond a reasonable doubt, of the crime charged. OCGA § 24-3-53. Further, defendant's admission, which was read to the jury over objection as to voluntariness, among other grounds, is insufficient to authorize a finding, beyond a reasonable doubt, that the "white chunky substance" found floating in the upstairs toilet was cocaine. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

"[T]he defendant's confession cannot establish the corpus delicti, which must be proved beyond a reasonable doubt, independently of the confession." *Barnes v. State*, 260 Ga. 398, 399 (2) (396 SE2d 207). In the case sub judice, the State presented evidence that defendant responded as many drug offenders respond to a police raid, i.e., by running to the nearest bathroom and attempting to dispose of contraband in a sink or a toilet. The State also presented testimony from an officer experienced in drug enforcement that the "white chunky substance" [appeared to be] crack cocaine." However, the State presented no evidence indicating that the "white chunky substance" was cocaine. In fact, the State never offered the "small zip-lock bag containing a white chunky substance [which appeared to be] crack cocaine" into evidence. The record shows only that three photographs were admitted into evidence, each depicting a tiny plastic bag containing an apparently white substance floating in the blue water of a toilet bowl.

In *Chancey v. State*, 256 Ga. 415, 420 (III), 421 (c) (349 SE2d 717), the State failed to introduce evidence of the illegal drug the accused allegedly possessed and the Supreme Court of Georgia stated that "[w]e do not disagree that failure of the prosecution in a drug-possession case to introduce physical samples of the drug allegedly possessed does raise substantial questions with respect to whether the evidence is sufficient to authorize a verdict of guilty. See generally *Jackson v. Virginia*, [supra]." Id. However, the Supreme Court of Georgia concluded that evidence of the accused's consumption of a white powdery substance in a manner characteristic with cocaine consumption (" 'snorting' ") and of the accused's changed behavior after

consumption of the white powder was sufficient to authorize a finding, beyond a reasonable doubt, that the accused was in possession of cocaine as alleged in the indictment. *Chancey v. State*, 256 Ga. 415, 420 (III), 421 (c), 422, supra. The case sub judice is distinguishable.

In *Chancey v. State*, 256 Ga. 415, supra, there was circumstantial evidence identifying the substance the accused consumed as cocaine. The substance was white powder (apparently appearing like cocaine), it was consumed like cocaine and it apparently changed the accused's behavior, assumingly much like cocaine. In the case sub judice, there is no evidence indicating that the substance found floating in the upstairs toilet was consumed like cocaine or that it possessed properties consistent with cocaine. In short, the State failed to prove an essential element of its case. Consequently, the trial court erred in denying defendant's motion for directed verdict of acquittal.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

Decided October 8, 1992.

*James W. Smith*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Assistant District Attorney*, for appellee.