## A97A0039. BROWN v. THE STATE.
(484 SE2d 795)

SMITH, Judge.

Following a bench trial, the trial court convicted Alexander Jerome Brown of giving a false name to a law enforcement officer, OCGA § 16-10-25, and impersonating another in the acknowledgment of recognizance, bail, or judgment, OCGA § 16-10-73. He appeals only the latter conviction, contending the State did not produce evidence sufficient to sustain a conviction for this felony offense. In this case of first impression, we agree and reverse.

The facts are not in dispute. Brown, an adult, was arrested on certain charges and told the police officer his name was "Jacoby Burns," giving a birth date that made him a juvenile. These charges were presented to the juvenile court, which adjudicated "Burns" a delinquent. Brown later revealed his true identity to authorities and told a police officer that "Jacoby Burns" was actually the name of a young man who had lived in his apartment complex. As Brown contends, this evidence does not support a conviction for violation of OCGA § 16-10-73, which provides for felony prosecution of "[a]ny person except an attorney of record who shall acknowledge or cause to be acknowledged, in any of the courts of the state or before any authorized officer, any recognizance, bail, or judgment in the name of any person not privy or consenting thereto. . . ."

We reject the State's argument that it was not required to prove that "Jacoby Burns" was an actual person. OCGA § 16-10-73 applies to one, "except an attorney of record," who "acknowledge[s]" a bail or judgment "in the *name of any person not privy or consenting thereto.*" (Emphasis supplied.) The felony statute is directed toward those who

either *impersonate* another in a judicial proceeding or abet an impersonator. This interpretation is supported by the different language used in OCGA § 16-10-25, which makes it a misdemeanor to give a *false* name to a police officer. Comparing the different language used in the two statutes, it does not appear that OCGA § 16-10-73 was intended to cover the mere giving of a *false* name in a judicial proceeding. See *State v. Nix*, 220 Ga. App. 651, 652 (1) (469 SE2d 497) (1996) (statutes addressing similar matters should be construed in conjunction with one another).

This conclusion is supported by reference to the statute addressing impersonation of another in the course of an action, proceeding, or prosecution. OCGA § 16-10-96. As the one impersonated must be an actual person in order to demonstrate the possibility of "damage, loss, or injury" from impersonation, OCGA § 16-10-96, the one impersonated must be an actual person in order for the trier of fact to consider whether he or she is "privy or consenting" to impersonation under OCGA § 16-10-73.

Because criminal statutes that are subject to more than one interpretation must be construed in favor of the defendant, *Asberry v. State*, 220 Ga. App. 40, 42 (467 SE2d 225) (1996), we find that a conviction under OCGA § 16-10-73 requires proof that the defendant represented himself or another person to be an actual person. See also *People v. Danisi*, 449 NYS2d 874, 875 (1982), holding that a statute forbidding the impersonation of another does not apply to a defendant who provides *false* information.

The State also argues that because Brown represented himself as "Jacoby Burns" in the juvenile delinquency proceeding, he "acknowledged" a "judgment" of delinquency against Jacoby Burns, who was not privy to and did not consent to that action. At a minimum, the State's proof failed because insufficient evidence was produced to show that Jacoby Burns was the name of a real person.[1] The *only* evidence on this issue was the defendant's own confession to police, in which he stated that he falsely used the name of another young man he had known. The State is required to prove the elements of the crime beyond a reasonable doubt, independently of a confession. OCGA § 24-3-53; *Johnson v. State*, 205 Ga. App. 760, 761 (423 SE2d 702) (1992). Brown's confession, uncorroborated by any independent evidence showing Jacoby Burns was the "name of any person," as opposed to merely a false name, was insufficient to prove this material element of the offense. See *Shaver v. State*, 199 Ga.

---

[1] We need not reach the issue here of whether a real person may be impersonated after death. We note, however, that the State also failed to show that Jacoby Burns was still living at the time of the offense, even if he was a real person whom Brown had known at some time in the past.

App. 428, 430 (405 SE2d 281) (1991) (uncorroborated confession insufficient to support conviction). Brown's conviction on this count is, therefore, reversed and this case remanded for resentencing on Brown's conviction for violation of OCGA § 16-10-25.[2]

*Judgment affirmed in part, reversed in part, and remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 27, 1997.

*Harrison & Harrison, Samuel H. Harrison*, for appellant.
*Daniel J. Porter, District Attorney, Jefferson B. Blandford, Assistant District Attorney*, for appellee.

---

[2] We note the State did not charge Brown with the felony of perjury, OCGA § 16-10-70 (a), even though the bench trial testimony indicates he testified under oath in the juvenile proceeding under the alias "Jacoby Burns."