S98A0473. TOLVER v. THE STATE.
(500 SE2d 563)

FLETCHER, Presiding Justice.

A jury convicted Robert Lee Tolver, Jr. of malice murder and armed robbery in the shooting death of Cindy Ray Pierce.[1] Tolver

---

[1] The crime occurred on November 23, 1995. A grand jury indicted Tolver on October 28, 1996. Following a jury trial, he was convicted on December 5, 1996. On December 11, 1996, the trial court sentenced him to life for malice murder and to a concurrent life sentence for armed robbery. Tolver filed a motion for new trial on January 6, 1997, which he amended on

appeals and raises several issues, including the admissibility of a videotape of the crime. Because the state laid a proper foundation for the admission of the videotape and none of Tolver's remaining enumerations contain error requiring reversal, we affirm.

The evidence at trial showed that on Thanksgiving night 1995 Tolver was driving around with Gerald "Nick" Rushin and Stanley Simon. Rushin had a gun and said, "I am going to rob someone." They stopped at the Holiday Market convenience store in Poulan, Georgia. After the three men went into the store, Tolver heard Rushin demand money and heard the clerk, Cindy Ray Pierce, scream, "Please don't hurt me." The three returned to the car and Rushin said that he had killed the clerk. Tolver saw that Rushin had a videotape after the robbery. Later that night, Rushin gave Tolver some money and told him to keep quiet or else he would kill him. Later, agents with the Georgia Bureau of Investigation found the Holiday Market's surveillance tape, which a forensic photographer repaired by splicing the broken pieces. The tape shows three males enter the Holiday Market. Two approach the counter and one of them raises his arm, holding a gun.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Tolver guilty of the crimes charged beyond a reasonable doubt.[2] Even assuming Tolver did not know Rushin was going to kill someone, this fact does not automatically relieve Tolver of criminal responsibility for the murder.[3]

2. Tolver contends that the state failed to lay a proper foundation for the admission of the surveillance tape because the state's witness identified the tape only by the brand name label. The state argues that this objection has been waived because Tolver failed to state what the proper foundation would be. A long line of cases in both appellate courts have recited as a rule that "objection on the ground of lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for review."[4] In suggesting that objecting counsel must educate opposing counsel on how to establish the missing foundational elements, the standard formulation of this rule is misleading. Rather, as shown in the case in which this rule originated,[5] this rule is simply a statement of the gen-

---

September 12, 1997. The trial court entered its order denying the motion on October 20, 1997. Tolver filed his notice of appeal on November 17, 1997; it was docketed in this court on December 10, 1997 and submitted for decision without oral argument on January 26, 1998.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Lobdell v. State*, 256 Ga. 769, 773 (353 SE2d 799) (1987).

[4] *Dick v. State*, 246 Ga. 697, 704 (273 SE2d 124) (1980); *Freeman v. Young*, 147 Ga. 699 (3) (a) (95 SE 236) (1918); *Dunn v. State*, 218 Ga. App. 329 (461 SE2d 294) (1995).

[5] *Freeman*, 147 Ga. at 700.

eral principle that counsel must assert objections with specificity to enable the trial court to intelligently rule on the objection and to create a clear record for the appellate court.[6]

Because "lack of foundation" has no single defined meaning, an objection of "lack of foundation" generally is of little or no use to a trial judge. For example, "lack of foundation" can refer to a failure to establish that the item of evidence being offered is the same item it purports to be — often referred to as chain of custody,[7] or it may refer to a failure to establish that the witness is testifying from personal knowledge.[8] Lack of foundation may also refer to a failure to establish that business records meet the requirements of O.C.G.A. § 24-3-14[9] or that a party has not established a witness's qualifications as an expert.[10] Because of the varied meanings for "lack of foundation," a party making an objection for lack of foundation must specify the foundational element he contends is lacking.

In his objection, Tolver argued that the state's witness, a forensic photographer, could not identify the tape marked as state's exhibit 9 as the surveillance tape by the tape's brand name label and that exhibit 9A suffered from the same deficiency. After reviewing the record, we conclude that this objection was specific enough for the trial court, and this Court, to understand the objection as arguing that the state had not established that exhibits 9 and 9A were what they were purported to be — the surveillance tape from the scene of the crime. Therefore, this enumeration may be considered on appeal.

3. To establish that state's exhibit 9 was the tape taken from the surveillance camera at the scene of the crime, the state presented testimony from the Holiday Market supervisor who had viewed the tape and testified as to the store's procedures regarding the surveillance camera, the GBI agent who found the tape, the forensic photographer, who repaired the tape, and the investigator who created state's exhibit 9A by copying exhibit 9. This evidence adequately established that exhibit 9 was the surveillance tape from the camera at the Holiday Market the night of the murder and exhibit 9A was a copy of that tape.[11] Therefore, the trial court did not err in overruling Tolver's objection.

4. Tolver contends that the trial court erred in denying his motion to change venue because of pretrial publicity. The record con-

---

[6] Paul S. Milich, *Georgia Rules of Evidence*, § 3.2 (1995).

[7] See *White v. State*, 230 Ga. 327, 334-335 (196 SE2d 849) (1973).

[8] See *Johnson v. State*, 260 Ga. 17, 19 (389 SE2d 238) (1990).

[9] See *Johnson v. State*, 266 Ga. 775, 776 (470 SE2d 637) (1996).

[10] See *Simpson v. State*, 250 Ga. 365, 367 (297 SE2d 288) (1982).

[11] See O.C.G.A. § 24-4-8 (b) (where witness with personal knowledge of events is unavailable to authenticate videotape, it is admissible where competent evidence shows that the tape reliably shows the facts for which the tape is offered).

tains nine articles in three newspapers relating to the shooting. All but two of the articles were published within two weeks of the crime and more than a year before the trial. The latter two articles were published nine and seven months, respectively, before Tolver's trial. The articles reported unembellished, accurate facts of the incident, were not inflammatory, and did not report any information that was inadmissible in the trial.[12] Furthermore, the voir dire reveals that only three of forty-eight prospective jurors had formed opinions about the case based on exposure to pretrial publicity, and the trial court dismissed these jurors for cause. Based on this record, we conclude that the trial court did not abuse its discretion in denying the motion to change venue.

5. Tolver contends that the charge given regarding parties to a crime was confusing and not adjusted to the facts of this case. The state contends that Tolver has waived his right to object because he failed to object at the time of the charge or to reserve objections. The record reveals, however, that the trial court did not inquire as to whether counsel had objections. Therefore, Tolver cannot be deemed to have waived the right to raise his objection on appeal.[13]

The charge given was the charge suggested in *Lattimore v. State*.[14] We conclude that it is accurate and was not confusing under the facts of this case.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1998 —
RECONSIDERATION DENIED JUNE 12, 1998.

*James M. Walker III,* for appellant.
*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

---

[12] Compare *Tyree v. State*, 262 Ga. 395, 396-397 (418 SE2d 16) (1992).
[13] See *Lumpkin v. State*, 249 Ga. 834 (1) (295 SE2d 86) (1982); *Garrett v. State*, 184 Ga. App. 593, 594 (362 SE2d 150) (1987).
[14] 265 Ga. 102, 106, n. 3 (454 SE2d 474) (1995).