### S98A1206. SMITH v. THE STATE.
(508 SE2d 145)

CARLEY, Justice.

After a jury trial, Mark Steven Smith was found guilty of felony murder while in the commission of a robbery, robbery, and motor vehicle theft. Merging the robbery count into the felony murder count, the trial court sentenced Smith to life imprisonment for the felony murder and to a consecutive term of 20 years for the motor vehicle theft. Smith's motion for new trial was denied, and he appeals.[1]

1. Construed most favorably for the State, the evidence shows

---

[1] The murder occurred on or about March 11, 1995. The grand jury returned its indictment on November 9, 1995. The jury found Smith guilty on September 5, 1997 and, on that same day, the trial court entered the judgments of conviction and sentences. Smith filed his motion for new trial on September 22, 1997 and amended it on January 30, 1998. The trial court denied that motion on February 5, 1998, and Smith filed his notice of appeal on March

that Smith and his co-defendant, Carlos Rutledge, accepted a ride from the victim, Keith Stapleton, who drove them to his hotel room. Upon learning of Stapleton's sexual advances towards Rutledge, Smith became angry, hit and choked Stapleton, and demanded his car keys. Smith and Rutledge left in Stapleton's rental car, and Stapleton was found dead in his hotel room the next afternoon. This evidence was sufficient to authorize a rational trier of fact to find Smith guilty beyond a reasonable doubt of felony murder while in the commission of a robbery and of motor vehicle theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cowards v. State*, 266 Ga. 191, 192 (1) (465 SE2d 677) (1996); *Johnson v. State*, 260 Ga. 17 (1, 2) (389 SE2d 238) (1990).

2. Smith enumerates as error the admission into evidence of a "similar transaction." The trial court held the requisite hearing and found that, in this case and in the similar transaction, Smith used an alias and solicited a ride from a victim late at night near a bar and, after some discussion of "a homosexual sexual encounter," Smith violently robbed the victim, fled, and made strikingly similar statements upon arrest. Smith argues that the prior incident was not sufficiently similar because there, unlike here, he was alone and used a knife. However, Smith "erroneously focuses upon the differences between the prior and instant [transactions], rather than correctly focusing upon their similarities." *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643) (1995). The two attacks were sufficiently similar so that proof of the prior attack was relevant to show identity, bent of mind, and intent and, thus, tended to establish Smith's commission of the attack for which he was convicted. *Spencer v. State*, 268 Ga. 85, 86 (2) (485 SE2d 477) (1997); *Dixon v. State*, 267 Ga. 136, 140 (4) (475 SE2d 633) (1996); *Wooten v. State*, 262 Ga. 876, 881 (4) (426 SE2d 852) (1993).

Smith also complains that the notice of the prior incident did not refer to the fact that he tried to pull the knife from his pocket when he was arrested. Because this omission did not constitute a substantial difference as to a material fact, there was substantial compliance with the Uniform Superior Court Rules. *Houston v. State*, 187 Ga. App. 335, 337 (2) (370 SE2d 178) (1988). See also *Willett v. State*, 223 Ga. App. 866, 873 (3) (b) (479 SE2d 132) (1996). Moreover, Smith makes no claim that he was prejudiced by the State's omission of every detail of his prior arrest. *Jackson v. State*, 217 Ga. App. 485, 489 (4) (b) (458 SE2d 153) (1995).

3. The trial court gave a limiting instruction regarding the rele-

4, 1998. The case was docketed in this Court on April 23, 1998, and the appeal was submitted for decision on June 15, 1998.

vancy of the similar transaction evidence during its general charge to the jury. However, Smith contends that the trial court should have given such a limiting instruction immediately prior to admission of the similar transaction evidence and prior to the State's mention thereof in its opening statement. Defense counsel did not request limiting instructions at those points in the trial and, in the absence of a request, a trial court has no obligation to give a contemporaneous limiting instruction on similar transaction evidence. *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998). See also *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998). "Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request to the trial court for such a charge." *State v. Hinson*, supra. Smith has not shown that trial counsel rendered ineffective assistance solely because the request for a limiting instruction was not made until the close of evidence.

4. Smith contends that the trial court erred in refusing to give his requested charge on similar transactions. Smith's requested charge stated only one of the purposes for which the similar transaction evidence was relevant. The instruction given by the trial court was limited to the three relevant purposes and, thus, "did not merely give a laundry list of all possible reasons for which similar transaction evidence may be considered." *Jordan v. State*, 230 Ga. App. 560, 562 (497 SE2d 48) (1998). Because the charge, as given, was proper, the trial court did not err in refusing the instruction requested by Smith.

5. Smith urges that the trial court erred in preventing him from eliciting testimony that Stapleton was HIV positive. Smith argues that this evidence would have supported his exculpatory theory that someone other than Smith had homosexual contact with Stapleton and killed him after discovering his HIV status. The trial court properly excluded evidence of Stapleton's HIV status until such time as it became relevant. *Cofield v. State*, 247 Ga. 98, 110 (6) (274 SE2d 530) (1981). Stapleton's HIV status never became relevant, as Smith's theory was mere speculation for which he never laid a foundation. *Putman v. State*, 251 Ga. 605, 612 (8) (308 SE2d 145) (1983); *Cofield v. State*, supra at 111 (6).

6. Smith further contends that the trial court erred by denying his motion in limine, asserting, on due process grounds, the inadmissibility of evidence of the State's DNA testing of a small amount of material which was found under one of Stapleton's fingernails and which was destroyed by the test. "[I]t has been held in this state that even though the tested substance is totally consumed during the testing process . . ., the absence of the tested material does not preclude admissibility of the test results. [Cit.]" *Spivey v. State*, 170 Ga. App.

196, 199 (316 SE2d 822) (1984). Where there is only enough material to perform one test, an independent test is impossible and, thus, admission of the test results does not violate the defendant's due process rights. *Partain v. State*, 238 Ga. 207, 208 (232 SE2d 46) (1977). See also *Baker v. State*, 250 Ga. 187, 194 (2) (297 SE2d 9) (1982). Smith conceded that the State did not intentionally "destroy" the evidence. Moreover, even the destruction of potentially exculpatory evidence does not violate due process unless the police acted in bad faith in failing to preserve the evidence. *Walker v. State*, 264 Ga. 676, 680 (3) (449 SE2d 845) (1994); *United States v. Parker*, 72 F3d 1444, 1451-1452 (III) (C) (10th Cir. 1995); Anno., 40 ALR5th 113 (1996). The State's expert indicated that, before the test, she knew that there was a possibility of consuming the sample, but that she could not tell what the probability was. The trial court found, as it was authorized to do, that the State did not act in bad faith. *Lynott v. State*, 198 Ga. App. 688, 690 (4) (402 SE2d 747) (1991).

7. Smith also contends that the trial court erred in not allowing cross-examination of Rutledge's brother about his arrest at a MARTA station. Georgia law does not permit impeachment of a witness by proof merely of his arrest. *Mobley v. State*, 265 Ga. 292, 296-297 (9) (b) (455 SE2d 61) (1995). However, proof of a witness' prior arrest may be admissible where it is relevant for some purpose other than impeachment. *Kinsman v. State*, 259 Ga. 89, 91 (7) (b) (376 SE2d 845) (1989). According to Smith, evidence of the arrest would have been relevant to show that Rutledge's cohorts frequented the MARTA station and, along with evidence that Rutledge called a MARTA station pay phone from Stapleton's room, to support Smith's contention that Rutledge and possibly some unknown individual were the true perpetrators. This theory is speculative, and we find no abuse of discretion in the trial court's refusal to allow cross-examination regarding the arrest of Rutledge's brother. *Mercer v. State*, 169 Ga. App. 723, 727 (3) (314 SE2d 729) (1984). Moreover, Rutledge's brother admitted that he had been at the MARTA station before and, therefore, to the extent that the point was exculpatory, it was presented to the jury. *Harris v. State*, 198 Ga. App. 503, 506 (8) (402 SE2d 62) (1991), rev'd on other grounds, 261 Ga. 386 (405 SE2d 482) (1991); *Ellis v. State*, 168 Ga. App. 757, 759-760 (3) (309 SE2d 924) (1983). Accordingly, we conclude that error, if any, was harmless beyond a reasonable doubt. *Kinsman v. State*, supra at 92 (7) (b).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., who concurs in Divisions 1, 2, 3, 5, 6 and 7 and in the judgment.*

DECIDED OCTOBER 26, 1998.

*Derek H. Jones,* for appellant.

*J. Tom Morgan, District Attorney, Stone Mountain Circuit, Barbara B. Conroy, Benjamin M. First, Assistant District Attorneys, Thurbert E. Baker, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.