## A99A1034. NELOMS v. THE STATE.
### (517 SE2d 537)

BLACKBURN, Presiding Judge.

Oscar Neloms appeals his conviction, following a jury trial, of possession of cocaine. In his sole enumeration of error, Neloms contends that the trial court erred in denying his right to cross-examine the arresting officers regarding arrests they made directly after he was arrested. Neloms asserts that this testimony was relevant to show that the officers had a motive to fabricate their testimony regarding his possession of cocaine. As the trial court did not abuse its discretion, we affirm.

"The scope of cross-examination lies within the trial court's discretion, which, absent abuse, will not be disturbed on review. Questions which are immaterial to the issues in the case are properly excluded." (Citations and punctuation omitted.) *Mercer v. State*, 169 Ga. App. 723, 727 (3) (314 SE2d 729) (1984).

Viewing the facts in the light most favorable to the verdict, they reveal that Terry Griffin, Benny Inman, and Anthony Branham, all agents of the Lowndes County Sheriff's Department Narcotics Investigation Division, patrolled an area in the 900 block of Oliver Street in a Bronco with the removable top taken off so that the vehicle was "open air." As they were patrolling, they saw Neloms sitting in a Cutlass separating crack cocaine on the seat of the car. The agents stopped their vehicle and apprehended Neloms as he attempted to leave his vehicle with the cocaine in his hand.

During Neloms' offer of proof, outside the presence of the jury, Agents Inman and Griffin testified that, as they arrested Neloms, he said, "You need to be over there across the street where the dope is at." The agents then went across the street, obtained permission from the owner to search the house, and subsequently made two arrests as a result of the search. Agent Inman testified, during the proffer, that the only reason the agents went to the house was Neloms' statement.

Neloms contends that he did not have any cocaine in the car, and he argues that the agents' testimony regarding the subsequent arrests is some evidence of the agents' motive to fabricate their testimony regarding his possession. Neloms' theory is speculative, and we find no abuse of the trial court's discretion in refusing to allow cross-examination regarding the agents' subsequent arrests. See cf. *Smith v. State*, 270 Ga. 68, 71 (7) (508 SE2d 145) (1998).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 6, 1999.

*Closson & Bass, J. Michael Bass*, for appellant.
*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant District Attorney*, for appellee.