## A99A2065. BAILEY v. THE STATE.
(540 SE2d 298)

BARNES, Judge.

In *Bailey v. State*, 241 Ga. App. 497 (526 SE2d 865) (1999), we affirmed Bailey's convictions for driving with no proof of insurance and driving with a suspended license, but remanded for resentencing. In *Bailey v. State*, Case No. S00C0610 (May 1, 2000), the Supreme Court granted the appellant's petition for writ of certiorari and remanded the case to consider further Bailey's enumeration of error regarding a jury charge, in light of the court's holdings in *Lumpkin v. State*, 249 Ga. 834, 835 (1) (295 SE2d 86) (1982) and *Tolver v. State*, 269 Ga. 530, 533 (5) (500 SE2d 563) (1998).

In that enumeration, Bailey asserts the trial court erred in failing to give his requests to charge on impeachment. Bailey waived this issue, however. After the trial court asked whether the parties had any exceptions to the charge, Bailey's counsel responded, "No exceptions, Judge." "The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as . . . where defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given." (Citation omitted.) *Lumpkin v. State*, supra, 249 Ga. at 835 (1). Therefore, Bailey waived his right to raise this objection on appeal. See *Tolver v. State*, supra, 269 Ga. at 533.

If a substantial error in the charge was harmful as a matter of

law, we will review it regardless of whether or not an objection was made. OCGA § 5-5-24 (c). However, Bailey has not shown that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he was deprived of a fair trial. *Miller v. State*, 240 Ga. App. 18, 20 (3) (522 SE2d 519) (1999).

*Judgment affirmed in part, vacated in part, and remanded. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 11, 2000 — ▮▮▮▮▮▮▮▮▮

*Thomas L. Walker*, for appellant.

*Joseph J. Drolet, Solicitor, Julie A. Kert, Assistant Solicitor*, for appellee.