## A01A1878. MARTIN v. THE STATE.
(553 SE2d 827)

ELDRIDGE, Judge.

In 1995, a Cobb County jury found Gregory Allen Martin guilty of sale of cocaine, possession of cocaine with intent to distribute, and giving a false name. After what appears to be a convoluted series of attempts to obtain post-conviction relief, Martin's motion for out-of-time appeal to this Court was granted. Now, he alleges two errors of law require reversal. Upon review of the errors as enumerated, we affirm Martin's conviction.

1. Martin first assigns error to the trial court's admission of two Georgia Bureau of Investigation crime laboratory reports without calling the laboratory analysts to testify. Citing *Miller v. State*,[1] which held such admission to be unconstitutional because it violates a criminal defendant's right to confront witnesses against him, Martin contends that the admission of the lab reports constitutes grounds for reversal.

> Had [Martin] objected at the hearing to the admission of the lab report[s] we could agree. At [trial], however, [Martin] specifically and expressly stipulated to [their] admission. Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Martin] therefore waived any objection to the admission of the lab report[s].[2]

In that regard, Martin contends that his defense attorney's stipulation fails because, while the record shows that such stipulation of fact was expressly made, the record does not contain Martin's *personal* waiver of his Sixth Amendment confrontation rights as to the stipulated facts. We do not agree.

> Generally, a statement by defense counsel made in the presence of the defendant relating to the defendant's conduct is considered a statement by the defendant himself if the defendant does not repudiate counsel's authority to make the statement. The general rule as to stipulations is that once made in the course of judicial proceedings an estoppel results unless the complaining party can show fraud or mistake.[3]

---

[1] 266 Ga. 850, 856 (472 SE2d 74) (1996).

[2] (Citations and punctuation omitted.) *In the Interest of D. L. S.*, 224 Ga. App. 660, 661 (2) (482 SE2d 418) (1997).

[3] *Dryer v. State*, 205 Ga. App. 671, 672 (423 SE2d 297) (1992).

Martin does not claim fraud or mistake, nor has he ever repudiated counsel's authority to make the stipulation at issue. "Under the present circumstances, we find [Martin] acquiesced in an oral stipulation of facts made in open court upon which the case was agreed to be tried for the express purpose of dispensing with proof of the agreed facts, and which amounted to a conclusively binding admission in judicio as to such facts."[4]

Finally, Martin's defense at trial was that he was guilty of smoking cocaine, not selling it or possessing it with intent to distribute, and that he was an addict who needed help, not prosecution and incarceration. In that regard, Martin took the stand and admitted to the jury that the substance in the 17 small ziplock baggies removed from his person pursuant to arrest was in fact crack cocaine. The crime lab reports were simply cumulative of Martin's sworn testimony.

Moreover, contrary to Martin's contentions, such solemn admissions in judicio are clearly distinguishable from facts ascertained only through a defendant's out-of-court and unsworn confession to the police. Thus, Martin's reliance on pre-trial confession cases is misplaced in this instance where he took the stand, swore an oath, and testified that the substance at issue was cocaine.[5]

2. In his final enumeration of error, Martin contends the trial court erred in refusing to give his defense request to charge no. 3, which informed the jury that, if they returned a verdict of guilt on sale or possession with intent to distribute, Martin could face mandatory life imprisonment as a recidivist. However, after the trial court asked whether the parties had any exceptions to the charge, Martin's counsel responded, "No, Your Honor." "The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, . . . [as] where defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given."[6] Therefore, Martin waived his right to raise this objection on appeal.[7]

Further, the essence of Martin's argument is that the jury should have been permitted to decide the issue of guilt not on the basis of the factual evidence presented, but on the punishment Martin might receive, i.e., purely on the basis of sympathy. We find no merit to this argument. While the jury does possess a de facto power

[4] Id. at 673.

[5] Compare *Johnson v. State*, 205 Ga. App. 760, 761 (423 SE2d 702) (1992) (defendant's confession cannot establish the corpus delicti, which must be proved beyond a reasonable doubt, independently of the confession).

[6] (Citation omitted.) *Lumpkin v. State*, 249 Ga. 834, 835 (1) (295 SE2d 86) (1982); *Bailey v. State*, 246 Ga. App. 337 (540 SE2d 298) (2000).

[7] *Tolver v. State*, 269 Ga. 530, 533 (5) (500 SE2d 563) (1998).

of nullification and may acquit the defendant regardless of the strength of the evidence against him, it is nevertheless the jury's duty to convict if the evidence proves the defendant guilty beyond a reasonable doubt.[8] We adhere to this principle. And while a jury's de facto power of nullification may be employed from time to time based upon the circumstances of a particular case, we will not permit the deliberate introduction of extraneous issues, such as punishment, when a jury is charged and duty-bound to return a fact-based resolution on the issue of guilt or innocence.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 8, 2001.

*Michael A. Zoffmann, Jay L. Palmer*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Irvan A. Pearlberg, Assistant District Attorneys*, for appellee.

