A02A2238, A02A2239. JACKSON v. THE STATE (two cases).
(578 SE2d 298)

BARNES, Judge.

These companion appeals stem from the joint jury trial and subsequent convictions of Brian M. Jackson and Roddrick Lee Jackson, Jr. Brian was convicted of armed robbery, aggravated assault, and two counts of possession of a firearm during the commission of a crime. Roddrick was convicted of armed robbery and possession of a firearm. They both challenge on appeal the sufficiency of the evidence and the denial of a motion for mistrial. Brian also challenges the trial court's refusal to charge on leniency and immunity, and Roddrick enumerates as error the trial court's refusal to charge on bare suspicion. After review, we affirm both convictions.

Viewed in the light most favorable to the jury verdict, the evidence shows that one night the victim was working the midnight shift at the Swifty Mart convenience store. At approximately 12:30

---

a.m. three masked men entered the store. The victim testified that the first man to enter the store had a gun and was the tallest. He pointed the gun at the victim and said, "Don't do something stupid." Two other men then entered the store. One of the men and the man with the gun forced the victim behind the counter and told him to open the cash register. Although the men wore masks, the victim testified that he determined that the men were black because of "the way they talked" and he could see "their eyes and all." He also testified that the robbers did not park their vehicle in the store's parking lot but "parked the vehicle down the road a little bit." In addition to approximately $200 from the register, the men took Black and Mild cigars and display signs, Tampa Nuggets, a carton of Doral cigarettes, Gatorade sports drink, and other sundries.

An off-duty 911 operator drove past the Swifty Mart at approximately the same time the robbery occurred and noticed a light-blue four-door automobile parked on the street a short distance from the store. He testified that he noticed the car parked beside the road because as a 911 operator he receives numerous calls about broken down, stolen, or suspicious vehicles. Approximately ten minutes after he passed the store, he heard via the two-way radio in his car that a robbery had occurred at the store. The operator turned around and drove back to the store, where he noticed that the automobile that had been parked on the side of the road was gone.

The police issued a "be on the lookout" bulletin for the automobile the operator had seen, and shortly thereafter a car matching the description was spotted in the parking lot of the Forest Manor apartments. The 911 operator went to the scene and positively identified the vehicle as the one he had seen parked near the store. The automobile was later identified as Roddrick Jackson's.

A resident of a nearby apartment complex approached the police and told them that she saw "three boys jump out of a blue car, and they took off running to, through the fence to Forest Manor." She told them that the boys went inside apartment K-1. She positively identified Brian Jackson as one of the three men she had seen. The apartment belonged to another co-defendant, Jermaine Jenkins, who lived there with his aunt. Jenkins' aunt testified that she was awakened at approximately 12:40 a.m. by Brian, Roddrick, and Jenkins when they came into the apartment to change clothes. She testified that Brian and Roddrick were friends of her nephew. Brian, Roddrick, and Jenkins were subsequently arrested as they attempted to leave through the back door of the apartment.

1. Both men challenge the legal sufficiency of the evidence to find them guilty of the crimes charged. They argue that the evidence was entirely "circumstantial and not sufficient to exclude every reasonable hypothesis save that of the guilt of the defendant."

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id.

Both defendants point out that when a defendant is tried on circumstantial evidence, the evidence must exclude every reasonable hypothesis except that of guilt of the accused, OCGA § 24-4-6; *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994). In this case there was also direct evidence of their guilt.

During the trial, Jenkins testified that he, Brian, and Roddrick robbed the Swifty Mart, and that Brian, the tallest of the three, had the gun. Additionally, the victim told police that he recognized the voice of the man with the gun as a customer from the previous night. Following a photographic lineup, the victim identified Brian Jackson as the customer from the previous night and whose voice he had recognized during the robbery. He also provided the police with general descriptions of the two other robbers, noting that they wore dark clothing with long sleeves, and one carried a dark backpack. He also said that one robber appeared to be from 5′5″ to 5′6″ tall and the other taller than 5′5″. Additionally, the police recovered various items linking the men to the robbery, including a black backpack, three black ski masks, Black and Mild cigars, a Black and Mild display case, and an empty Gatorade container, in or around Roddrick's automobile and the apartment where the men were arrested.

In reviewing this evidence, and the evidence outlined in the facts, we find that a rational trier of fact could have found both Brian and Roddrick Jackson guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, supra.

2. Both men also complain that the trial court erred in denying their motion for mistrial based on prosecutorial misconduct. They argue that a mistrial was warranted because Jenkins testified that he felt intimidated by the prosecution to testify against the men. They urge that Jenkins' "pressured" testimony is akin to perjured testimony and that, as such, its use violates due process of law. See generally *Kitchens v. State*, 160 Ga. App. 492, 493 (1) (287 SE2d 316) (1981).

> A conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could

have affected the judgment of the jury. [Cits.] If the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony and that the prosecution knew, or should have known, of the perjury, such a conviction may require reversal under the above standard. [Cit.]

(Punctuation omitted.) *Mondy v. State*, 229 Ga. App. 311, 313 (2) (494 SE2d 176) (1997).

Jenkins testified that he did not want to testify, but that an assistant district attorney said that if he did not, Brian and Roddrick Jackson would testify against him during his appeal.[1] He said that he felt threatened by the ADA's comments, after which the defendants moved for a mistrial, which the trial court denied.

" 'A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority.' [Cits.]" *Bierria v. State*, 232 Ga. App. 622, 625 (3) (502 SE2d 542) (1998). The defendants have done neither. Pretermitting whether the State actually made the complained-about remarks, Jenkins' testimony was entirely consistent with statements implicating both defendants that he had given the police earlier. Further, by means of a thorough cross-examination, the defendants were able to attack the credibility of the witness to reveal any possible bias, prejudice, or ulterior motive on the part of Jenkins. See generally *Whatley v. State*, 165 Ga. App. 13 (1) (299 SE2d 87) (1983). Credibility issues are for the jury to resolve. *Mitchell v. State*, 207 Ga. App. 306, 307 (2) (427 SE2d 814) (1993). We cannot equate Jenkins' testimony with that of perjured testimony, and thus we find no merit in the defendants' contentions that their convictions were rendered fundamentally unfair by alleged prosecutorial misconduct.

3. Brian Jackson also enumerates as error the trial court's refusal to give his requested charge on leniency or immunity. Although he argues that the charge was indicated because the State made a "hollow promise of leniency" to Jenkins to compel him to testify, any claims of error regarding the charge were waived.

"The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given." (Citation and punctuation omitted.) *Bailey v. State*, 246 Ga. App. 337 (540 SE2d 298) (2000).

Here the trial court determined that the charge on leniency and immunity was not relevant finding that "[i]t's not a situation where

---

[1] Jenkins' conviction was on appeal at the time of the trial.

he's been granted immunity from prosecution or anything of that nature. So I don't think that this is an appropriate charge under the circumstances of this case." Brian Jackson's attorney offered no objection nor reserved exceptions for post-conviction review, and, again, after the trial court completed its charge to the jury and asked for any objections to the charge, counsel responded that he had no objection. Accordingly, Brian Jackson waived his right to raise this objection on appeal. *Tolver v. State*, 269 Ga. 530, 533 (5) (500 SE2d 563) (1998).

"If a substantial error in the charge was harmful as a matter of law, we will review it regardless of whether or not an objection was made. OCGA § 5-5-24 (c)." *Bailey*, supra, 246 Ga. App. at 337-338. This is not such a circumstance. Jenkins had already been convicted of the crime at the time of the defendants' trial. Further there was no evidence of any deals with the State. The record does show, however, that Jenkins was given "use immunity." Before he testified the trial court explained to him that if for some reason his conviction was reversed during appeal, "your testimony today cannot be used against you in any retrial." During the charge conference the court expressed willingness to give a charge on use immunity, but Brian Jackson declined.

A trial court does not err by failing to give a jury charge where the requested charge is not adjusted to the evidence presented at trial. See *Williams v. State*, 221 Ga. App. 296, 297-298 (1), (2) (471 SE2d 258) (1996). Thus, "[Brian Jackson] has not shown that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he was deprived of a fair trial." (Citations and punctuation omitted.) *Bailey*, supra, 246 Ga. App. at 338. Accordingly, because Brian Jackson waived objection to the charge and has not shown that the charge as given deprived him of a fair trial, we find no error in the trial court's decision.

4. Similarly, Roddrick Jackson argues that the jury should have been charged on bare suspicion since the case was based on circumstantial evidence, but, he, too, has waived any objections to the charge.

During the charge conference, Roddrick Jackson requested that the jury be instructed that "facts and circumstances which merely place upon the defendant a grave suspicion of the crime charged, or which merely raise a speculation or conjecture of the defendant's guilt, are not sufficient to authorize a conviction of the defendant. The trial court refused to give the charge, finding that the principle was sufficiently covered by the charges on presumption of innocence and the State's burden of proof. After the trial court's ruling, Roddrick Jackson's attorney simply said, "[y]es sir," and moved on to the charge. When the trial court completed its charge to the jury and

asked if there were any objections to the charge, Roddrick Jackson's counsel stated that he had no objection.

Here, as explained in Division 3, because the trial court specifically asked for exceptions to the charge and defense counsel neither objected nor reserved exceptions for post-conviction review, Roddrick Jackson's claims of error regarding the jury charge are waived. See *Leggon v. State*, 249 Ga. App. 467, 470 (549 SE2d 137) (2001). Additionally, Roddrick Jackson has not shown that the charge as given raises a question of whether he was deprived of a fair trial. *Bailey*, supra, 246 Ga. App. at 338.

*Judgments affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 18, 2003.

*Michael S. Bennett, Jr.*, for appellant (case no. A02A2238).
*Terry L. Schwock,* for appellant (case no. A02A2239).
*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.