## 43635. ALLISON v. THE STATE.
(353 SE2d 805)

PER CURIAM.

Richard Allison was convicted of child molestation. The Court of Appeals affirmed the conviction. *Allison v. State,* 179 Ga. App. 303 (346 SE2d 380) (1986). We granted certiorari to determine the admissibility of expert testimony regarding child sexual abuse syndrome, and the propriety of rebuttal testimony offered by the state.

Allison was divorced and his ex-wife had custody of their two daughters. He was accused of molesting one of his daughters when she stayed with him. The child testified that her father had forced her to do sexual acts with him, which he denied. When asked, upon cross-examination, why the child would make the accusation, he stated that he believed that his ex-wife had coached the child. On rebuttal, the state introduced testimony by three expert witnesses: a professor of behavioral sciences, a child therapist, and a clinical psychologist. The professor, a national expert on child sexual abuse syndrome, testified about the discovery of the syndrome and its characteristics. He was asked to state whether a child who showed characteristics that were presented to him as a hypothetical should be diagnosed as suffering from child abuse syndrome. He answered, "Absolutely." The child therapist had worked with the alleged victim and identified the characteristics of the syndrome that he had observed in the child. The clinical psychologist had met with the child on two occasions. Based on his observations of the child, his discussions with others who had counseled her, and the results of a battery of psychological tests that he administered to her, he stated that in his professional opinion "this girl does definitely appear to fall into that syndrome . . . . In my

professional opinion, she has been sexually abused."

1. Allison contends, on appeal, that expert testimony concerning this syndrome has not been held to be admissible in this state. The record reflects no such objection at time of trial, however, and any deficiency that might be urged under the principles enunciated in *Harper v. State*, 249 Ga. 519 (292 SE2d 389) (1982), is waived.

2. The testimony was that children who have been sexually assaulted go through behavioral stages. These have been identified as: 1) secrecy (children are usually reluctant to disclose the assault); 2) helplessness (the children feel they can do nothing to prevent the abuse); 3) accommodation (children attempt to rationalize or accommodate the abuse by pretending to be asleep, for instance); 4) delayed, conflicting and unconvincing disclosure; and 5) recantation. They also display a variety of common behaviors, such as bedwetting, nightmares, "role reversal" (acting like an adult, perhaps using seductive mannerisms), and regressive behavior, such as baby talk. Bright children who have been abused sexually tend to do poorly in school. Laymen would not understand this syndrome without expert testimony, nor would they be likely to believe that a child who denied a sexual assault, or who was reluctant to discuss an assault, in fact had been assaulted. The professor testified. as to authorities in the field who have published treatises on the syndrome. Additionally, the state provided the trial court with a list of jurisdictions that have accepted evidence of the psychological characteristics of sexually abused children. The trial court did not err in holding that expert testimony of a child sexual abuse syndrome was competent evidence under OCGA § 24-9-67 — there being no objection under *Harper v. State*, supra.

3. In *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981), we held that expert testimony as to the battered woman syndrome is admissible. We adopted the rule that "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." Id.

Since *Smith*, we have permitted a pathologist to testify that the cause of death could not have been the result of a fall when the defense to murder was that the victim fell. *Bethea v. State*, 251 Ga. 328, 331 (304 SE2d 713) (1983). In many instances, inferences must be drawn from medical evidence that are beyond the capacities of average jurors. In such circumstances, we permit expert opinion as to factual suppositions. We have been less willing to permit experts to testify to an individual's state of mind. See *Sinns v. State*, 248 Ga. 385 (283 SE2d 479) (1981). There we stated that the voluntariness of a confession is not a circumstance that is beyond the ken of the average layman. Nor have we condoned the practice of police officers giving

their opinions as to the actions of victims, *Williams v. State*, 254 Ga. 508 (330 SE2d 353) (1985), as such testimony is conjecture at best, and jurors are capable of drawing their own inferences.

4. Even so, it cannot be said that our holding in *Smith*, supra, is without difficulties. In it, we may have added to a want of clarity by using, almost interchangeably, the terms "ultimate issue" and "ultimate fact." Id. at 615, 616, 617, 619. Perhaps that may be mitigated in part by a keener appreciation of the difference between the two. We understand *fact* to be that which *is* or once *was*. Yet we sometimes have intermingled *fact*, in this sense, with *conclusion* (which, in this sense, is *not* fact, but an assessment of fact). Examples of conclusions are concepts of negligence, fraud, reasonableness and the like. Stated differently, a *conclusion* is an assessment of *fact* — which fact exists, with or without any such an assessment.

5. With this analysis, it yet remains to apply our established rule to this case — that rule being: an expert may not testify as to his opinion as to the existence *vel non* of a fact (in this case, whether the child had been abused sexually) unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves. *Smith*, supra at 619.

6. As to the disputed testimony before us (the opinion of the expert that the child had been abused), we hold that the witness' testimony was inadmissible.

The jury, having the benefit of extensive testimony as to the lineaments of the child abuse syndrome, as well as testimony that this child exhibited several symptoms that are consistent with the syndrome, was fully capable of deciding — upon their own — whether the child *in fact* was abused, and, if so, whether Allison did it. For that reason, the admission of this aspect of the expert's testimony was incorrect. (Compare *State v. Butler*, 256 Ga. 448, (349 SE2d 684) (1986).)

7. While we find the admission of this testimony, over proper objection, would demand reversal, there was no contemporaneous objection. Hence, we do not reverse on this ground. *Merritt v. State*, 255 Ga. 459, 460 (339 SE2d 594) (1986).

8. The state did not call the three experts during its case-in-chief. Allison contends that their testimony was not proper rebuttal, and that the state withheld critically important witnesses. We agree, and hold that the failure to include the names of these experts on the list of witnesses effectively deprived Allison of the opportunity to prepare a defense relative to their testimony.

OCGA § 17-7-110 provides that on demand a criminal defendant must be furnished with "a list of the witnesses on whose testimony

the charge against him is founded," and prohibits the prosecution from calling witnesses whose names do not appear on the list furnished to the defendant unless the prosecuting attorney states in his place that the evidence is newly discovered.

Although the defendant timely filed a demand for a list of witnesses pursuant to OCGA § 17-7-110, the names of the three experts who testified for the state regarding the child abuse syndrome were not furnished to the defendant. The state contends that its presentation of the testimony of these unlisted witnesses did not violate OCGA § 17-7-110 because the testimony was offered in rebuttal to the defendant's testimony that the victim was lying and had been coached to testify that she had been molested by the defendant. However, it is apparent that the state anticipated the defendant's testimony in this regard, and that the witnesses were an important part of the state's main case, rather than true rebuttal witnesses. The state's withholding of the names of these witnesses constitutes precisely the type of prosecutorial conduct that OCGA § 17-7-110 is designed to prohibit. Therefore, the defendant's conviction must be reversed.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Hunt, J., who dissent; Gregory, J., who dissents as to Divisions 6 and 7, and concurs in the judgment; Smith, J., who dissents as to Division 2 and concurs in the judgment; and Weltner, J., who dissents as to Division 8 and to the judgment.*

HUNT, Justice dissenting.

I respectfully dissent to the dicta in Division 6 of the opinion. In my view, the expert's opinion — that the victim in this case had been abused — is admissible for the reasons set forth by a majority of this court in *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1986).

I also dissent as to Division 8. I agree with the defendant's contention that the state's use of unlisted expert witnesses in rebuttal raises serious questions of fairness. Nonetheless, whether a witness may be offered in rebuttal lies within the sound discretion of the trial judge, and we have held on numerous occasions that calling an unlisted witness in rebuttal is not prohibited by OCGA § 17-7-110. *Forney v. State*, 255 Ga. 316, 317-318 (2) (338 SE2d 252) (1985); *Gibbons v. State*, 248 Ga. 858, 865 (286 SE2d 717) (1982).

Moreover, the underlying purpose of OCGA § 17-7-110 was satisfied by the trial court in this instance. The defendant was afforded an opportunity to interview the experts and to obtain experts on his behalf. He interviewed these experts but at no point requested a continuance in order to obtain expert testimony on behalf of the defendant. Under these circumstances, the state's conduct does not reach the level of a deprivation of due process and should not, in my view, re-

quire a reversal.[1] *Buie v. State*, 254 Ga. 167, 168 (2) (326 SE2d 458) (1985); *White v. State*, 253 Ga. 106, 109 (3) (317 SE2d 196) (1984).

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED MARCH 17, 1987 —
RECONSIDERATION DENIED APRIL 1, 1987.

*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, J. Thomas Morgan III, Assistant District Attorney*, for appellee.

---

[1] Requiring the state (or either party for that matter) to reveal on request the existence and identity of each expert connected with the case would solve this particular problem. An amendment to OCGA § 17-7-110 would be necessary.