A90A1578. HARRIS v. THE STATE.
(402 SE2d 62)

CARLEY, Judge.

Appellant was tried before a jury on charges that he had committed child molestation and aggravated sodomy against two sisters. He was acquitted on the charges as to one of the sisters and found guilty on the charges as to the other sister. He appealed to the Supreme Court from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts. The case is now before this court pursuant to the Supreme Court's order of transfer.

1. The denial of appellant's motion for new trial on the ground that he was denied effective assistance of trial counsel is enumerated as error. The alleged deficiency is the failure of appellant's trial counsel to call certain additional witnesses.

"The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985). The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. "Appellant did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, appellant made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.] The trial court's finding in the instant case is not clearly erroneous. 'In fact, counsel was so successful that (appellant) was acquitted on two of the [four] counts against him.' [Cit.]" *Garrett v. State*, supra at 874 (1).

2. One ground of the motion for new trial was predicated upon the purported failure of certain jurors to answer truthfully and fully voir dire questions regarding whether they knew appellant. The denial of appellant's motion for new trial on this ground is enumerated as error.

In support of this enumeration, appellant relies upon the testimony given by his wife at the hearing on the motion for new trial. However, in her testimony, appellant's wife also conceded that she had been present throughout the trial and had been sitting in the front row immediately behind the defense table and that she had not been hindered from, but rather had the opportunity of speaking to appellant and his lawyers during voir dire. Furthermore, she acknowledged that the defense may have preferred to have jurors who knew appellant.

"[T]his situation is controlled by *Brown v. Holland*, 228 Ga. 628, 629 (2) (187 SE2d 246) (1972), where it was held the acceptance of a juror with knowledge of any alleged disqualification was a waiver of such disqualification." *Sanders v. State*, 246 Ga. 42, 43 (3) (268 SE2d 628) (1980). Moreover, "[i]n the absence of a showing of some prejudice other than the possible opportunity to exercise a knowledg[e]able peremptory challenge, the court's refusing to grant a new trial because of juror inaccuracy will not constitute an abuse of discretion. [Cit.] There was no showing of prejudice here. Further, there was no showing of bad faith or deliberate attempt to mislead on the part of the juror[s] who [knew appellant]. There was no abuse of discretion on the part of the trial judge in refusing to grant a new trial. [Cit.]" *Mosley v. State*, 257 Ga. 382, 384 (4) (359 SE2d 653) (1987). See also *Brown v. Holland*, supra at 629 (2).

3. In support of his motion for new trial, appellant presented evidence of the exculpatory results of his post-trial polygraph examination. The denial of appellant's motion for new trial on the ground that the polygraph results constituted newly discovered evidence is enumerated as error.

Appellant has offered no explanation as to why he did not submit to a polygraph examination prior to trial. "There was no factual showing that this evidence could not have been discovered by the exercise of ordinary diligence. . . . More important, [because the State failed to so stipulate, the results of the polygraph examination are] not admissible evidence. . . ." *Timberlake v. State*, 246 Ga. 488, 491-92 (1) (271 SE2d 792) (1980). " 'Absent an express stipulation by the State and the accused that the results of a polygraph test will be admitted in evidence, the results are inadmissible.' [Cits.]" *Rucker v. State*, 177 Ga. App. 779, 781 (4) (341 SE2d 228) (1986).

4. Appellant challenges the constitutionality of OCGA § 24-3-16. However, "[t]he transfer of the case by the Supreme Court to this

court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious." *Egerton v. Jolly*, 133 Ga. App. 805, 806 (1) (212 SE2d 462) (1975). See also *In the Matter of J. S. S.*, 175 Ga. App. 361, 364 (1) (333 SE2d 417) (1985).

5. A physician was asked if, based upon his physical examination of the victim, he had an opinion whether she had been sexually molested. Over appellant's objection that this question called for an opinion as to the ultimate issue to be decided by the jury, the physician was allowed to respond. This evidentiary ruling is enumerated as error.

The physician's opinion was based upon his physical examination of the victim, not upon the child abuse accommodation syndrome. See *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1986). Compare *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987). "The jury, having the benefit of [neither] extensive testimony as to the lineaments of the child abuse syndrome, [nor] testimony that [the victim] exhibited several symptoms that are consistent with the syndrome, was [not] fully capable of deciding — upon their own — whether the [victim] *in fact* was abused, and, if so, whether [appellant] did it. For that reason, the admission of this aspect of the expert's testimony was [not] incorrect. ([See] *State v. Butler*, [supra].)" (Emphasis in original.) *Allison v. State*, supra at 853 (6).

6. The trial court did not err in ruling that another witness for the State was qualified as an expert as to the child abuse accommodation syndrome. See generally *Baker v. State*, 156 Ga. App. 283 (274 SE2d 678) (1980).

7. Appellant enumerates as error the admission into evidence of certain drawings made by the victim. The only objection that was raised at trial to the admission of these drawings was to their lack of authentication. On appeal, however, appellant relies upon other grounds for asserting that the drawings were not admissible. The objection that was raised below is, therefore, deemed abandoned and the grounds that are raised for the first time on appeal will not be considered.

8. The arrest warrant charged appellant with commission of the crimes on July 3, 1988, and he was originally indicted for having committed the crimes on that date. However, appellant was subsequently reindicted for having committed the crimes on June 22, 1988. At trial, appellant sought to introduce into evidence the arrest warrant and original indictment. The trial court sustained the State's objection to the relevancy of these documents and appellant enumerates this ruling as error.

Obviously, the arrest warrant and original indictment had no direct or tangential relevancy whatsoever to any issue related to appel-

lant's guilt or innocence. Moreover, "[a]ssuming that the [arrest warrant] and [original indictment] were admissible as legally relevant and material, there was no harm to [appellant] here by the exclusion because the same defense point, i.e., that a [different date] was initially reported, was presented to the jury by other means. [Cit.]" *Warren v. State*, 185 Ga. App. 108, 109 (2) (363 SE2d 357) (1987).

9. The trial court's failure to sustain appellant's objection to the relevancy of certain evidence is enumerated as error. However, appellant's objections at trial were insufficient to preserve the issue of admissibility of this evidence for review on appeal. *Brown v. State*, 122 Ga. App. 59 (176 SE2d 240) (1970).

10. "[T]he victim testified to [four] entirely separate act[s] of sodomy. . . . [This testimony was supported by the medical evidence.] Thus, 'the evidence authorized the jury to find that more than one instance of (sodomy) occurred, permitting conviction for each offense based on separate occasions.' [Cit.] '*LaPalme [v. State*, 169 Ga. App. 540 (313 SE2d 729) (1984), and *Horne v. State*, 192 Ga. App. 528, 533 (6) (385 SE2d 704) (1989), are] inapplicable, since there were multiple, separate acts as bases for each conviction.' [Cit.]" *Stander v. State*, 193 Ga. App. 212 (2) (387 SE2d 422) (1989). Thus, the child molestation count did not merge into the aggravated sodomy count and appellant was properly sentenced for both crimes.

11. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal and the denial of his motion for new trial on the general grounds.

Appellant's reliance upon the inconsistent verdict rule is misplaced. " '*Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), abolished the inconsistent verdict rule in criminal cases. Thus, the sole question is whether the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). . . .' [Cit.]" *Powell v. State*, 192 Ga. App. 688 (1) (385 SE2d 772) (1989). See also *Fitzgerald v. State*, 193 Ga. App. 76 (1, 2) (386 SE2d 914) (1989).

"The weight of the evidence and the credibility of the witnesses are questions for the factfinder. [Cits.] Here the jury chose to believe the [State's rather than appellant's witnesses]." *Crump v. State*, 183 Ga. App. 43, 44-45 (357 SE2d 863) (1987). The victim's in-court and out-of-court statements, the medical testimony, "and other evidence adduced at trial [were] more than sufficient to enable any rational trier of fact to find [appellant] guilty beyond a reasonable doubt of the offense[s] of aggravated [sodomy and] child molestation. [Cit.] The trial court did not err in denying [appellant's] motion for directed verdict of acquittal. [Cit.]" *Westbrook v. State*, 186 Ga. App. 493, 496 (3) (368 SE2d 131) (1988). See also *Braggs v. State*, 189 Ga. App. 275 (1) (375 SE2d 464) (1988).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 17, 1991 —
REHEARING DENIED FEBRUARY 6, 1991 — 

Hudson & Solomon, James D. Hudson, for appellant.
Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney, for appellee.