S91G0737. HARRIS v. THE STATE.
(405 SE2d 482)

WELTNER, Justice.
We granted certiorari to review Division 5 of the Court of Ap-

peals' opinion in *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62) (1991). The Court of Appeals held that the trial court did not err in admitting testimony by a physician in a child molestation case that he had an opinion, based upon a physical examination, as to whether the victim had been molested sexually.

This issue is controlled by *Allison v. State*, 256 Ga. 851, 853 (353 SE2d 805) (1987). The testimony being inadmissible, it should have been excluded.

*Judgment reversed and case remanded. All the Justices concur, except Clarke, C. J., Hunt and Fletcher, JJ., who dissent.*

HUNT, Justice, dissenting.

I dissent for the reasons stated in my dissent to *Allison v. State*, 256 Ga. 851, 854 (353 SE2d 805) (1987). That is, the expert's opinion — that the victim in this case had been sexually molested — is admissible under the opinion of a majority of this court in *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1986). Moreover, as noted by the Court of Appeals, unlike *Allison v. State*, where the expert, a clinical psychologist, gave his opinion based on the child abuse accommodation syndrome, the expert here, a physician, based his opinion on his physical examination of the victim.

By its reliance on *Allison*, the majority would permit the doctor in this case to opine that his findings from the physical examination he conducted were *consistent* with those he would expect to find in a child who had been molested. *Allison*, supra at 853 (par. 6). Such testimony would, according to *Allison*, aid the jury in arriving at its *own* decision whether the child was, or was not, molested. On the other hand, it is the view of the majority that for this doctor to say "my findings indicate the child was molested" as opposed to "my findings are consistent with molestation and inconsistent with anything else," would not only improperly invade the jury's province but would be an error of such magnitude as to require reversal. We did not penalize the state for such a semantical distinction in *Butler*, and should not do so here. I would affirm the Court of Appeals and the conviction.

I am authorized to state that Chief Justice Clarke and Justice Fletcher join this dissent.

DECIDED JULY 1, 1991.

*Hudson & Solomon, James D. Hudson,* for appellant.
*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney,* for appellee.