A91A1537, A91A2013. STEVENS v. THE STATE (two cases).
(414 SE2d 702)

CARLEY, Presiding Judge.

Appellant pled guilty to one count of possession of cocaine with the intent to distribute. In Case No. A91A1537, he appeals directly from the judgment of conviction and sentence entered by the trial court on the guilty plea. See generally *Lewis v. State*, 191 Ga. App. 509 (1) (382 SE2d 207) (1989). In Case No. A91A2013, he also appeals from the trial court's denial of a subsequent motion to withdraw the guilty plea. See generally *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851) (1980). The two appeals are hereby consolidated for disposition in this single appellate decision.

1. Appellant was represented by retained counsel at the hearing wherein the guilty plea was entered. The transcript of that hearing demonstrates that, after a thorough examination in open court, appellant was determined to be entering the guilty plea voluntarily and intelligently. See *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971). Appellant nevertheless urges that it was error for the trial court to accept his plea without first informing him of his right to appeal or of the right of an indigent to appointed appellate counsel.

Appellant made no claim of indigency in the trial court and there is no indication that appellant was ever without legal representation. No authority is cited for the proposition that it is incumbent upon the trial court to apprise a defendant with retained counsel of the appellate rights of an indigent defendant. Moreover, such error, if any, would clearly be harmless, since appellant *did* file a timely appeal with the assistance of counsel. *Kilgo v. State*, 198 Ga. App. 762,

764 (3) (403 SE2d 216) (1991).

2. The trial court did not advise appellant of the effect, if any, that the entry of a guilty plea might have on the right to appeal the denial of a motion to suppress. The trial court's failure to do so was not error. "While it. is unquestioned that a guilty plea or a nolo contendere plea must be knowingly and voluntarily made after proper advice and with a full understanding of the consequences, the trial court is not required to inform a defendant of all the possible collateral consequences of his plea. . . ." *Davis v. State*, 151 Ga. App. 736, 737 (261 SE2d 468) (1979).

3. The trial court did not err in refusing to allow appellant to withdraw his guilty plea after sentence had been pronounced. OCGA § 17-7-93 (b) provides, in relevant part, that, "[a]t any time *before* judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'[.]" (Emphasis supplied.) "[A] defendant does not have an absolute statutory right, under said Code section, to withdraw a guilty plea, after the trial court's oral announcement of the [sentence]. [Cit.]" *State v. Germany*, supra at 455 (1).

4. Appellant attacks the validity of his guilty plea on the ground of the ineffectiveness of trial counsel.

In connection with appellant's motion to withdraw his guilty plea, the trial court held a hearing and determined that appellant had not met his burden of proving the ineffectiveness of his trial counsel. " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.) . . .' [Cit.]" *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62) (1991), rev'd on other grounds, 261 Ga. 386 (405 SE2d 482) (1991). "In reviewing the record of the guilty plea and the . . . hearing [on the motion to withdraw that plea], we cannot [say that a finding was demanded] that the legal assistance provided [appellant] was ineffective." *Carroll v. Holt*, 251 Ga. 144, 145 (304 SE2d 60) (1983). Accordingly, the trial court's denial of appellant's motion to withdraw his guilty plea on this ground must be affirmed.

*Judgments affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 13, 1992.

*King & King, David H. Jones*, for appellant.

*Robert E. Wilson, District Attorney, Gregory J. Lohmeier, Assistant District Attorney*, for appellee.