A99A0765. THOMPSON v. THE STATE.
(514 SE2d 870)

JOHNSON, Chief Judge.

Bruce Judge Thompson was tried by a jury and found guilty of burglary, possession of burglary tools and alteration of a license plate. He appeals from the judgment of conviction entered upon the jury's verdict. We affirm.

1. Asserting that the verdict is contrary to the evidence, the verdict is strongly against the weight of the evidence, and the verdict is contrary to law and the principles of justice and equity, Thompson argues that the trial court erred in denying his motion for new trial. We disagree.

Viewed most favorably to support the verdict, the evidence shows that while driving across an interstate overpass, a Rockdale County deputy sheriff heard the sound of an alarm coming from a convenience store located about 100 yards away. As the deputy approached, he saw a black car, later determined to be Thompson's, parked by the front door of the store. The driver's door of the car was open. The deputy noticed that there was a large hole in the glass of the store's front door. Broken glass and cartons of cigarettes were scattered about the sidewalk and inside the store. As the deputy moved closer, he saw Thompson bent over between the store and his car. Thompson's arms were extended toward some of the cigarette cartons, and he appeared to be trying to pick them up. Later, the deputy saw several slightly bleeding abrasions on Thompson's forearm.

The deputy found a plastic bag containing two bricks near the brake pedal of Thompson's car, a ripped, gray plastic bag lying on several cartons of cigarettes in the store, and a piece of bloody glass at the base of the broken door. A forensic serologist testified that the blood had been deposited by Thompson, as laboratory testing established that only one person in fifty billion could have deposited the blood on the glass found at the scene. Thompson's latent fingerprint was also found on one of the cigarette cartons. The arresting officer also observed that two numbers of the license plate on Thompson's car had been covered with duct tape. During a subsequent search of Thompson's vehicle pursuant to a search warrant, officers found a ski mask, two pairs of gloves, gray plastic bags similar to the torn bag found inside the store, and a roll of duct tape similar to the tape on Thompson's license plate. Under the circumstances of this case, the jury could conclude that the ski mask, gloves, plastic bags, and bricks were tools used in the commission of a crime as alleged in the indictment. Compare *Kennon v. State*, 232 Ga. App. 494, 496 (3) (502 SE2d 330) (1998); *Manous v. State*, 205 Ga. App. 804, 805 (1) (423 SE2d 721) (1992); see also *Fuller v. State*, 165 Ga. App. 55, 57 (2) (299 SE2d 397) (1983).

Having considered the transcript of evidence in a light most favorable to the jury's verdict, we find ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Thompson was guilty of the offenses of burglary, possession of burglary tools, and alteration of a license plate, and the jury could conclude that the evidence excluded every reasonable possibility except that of Thompson's guilt. See *Etheridge v. State*, 228 Ga. App. 788 (1)

(492 SE2d 755) (1997); *Manous v. State*, supra at 805 (1).

2. Thompson contends the trial court erred in allowing witnesses who had not been listed on the state's witness list to testify during the state's rebuttal. We disagree.

Thompson elected to avail himself of the statutory rules of discovery. See OCGA § 17-16-2 (a). The state provided Thompson with various items of discovery, including a list of its witnesses. During trial, the state called three rebuttal witnesses who had not been included in any witness list provided to Thompson. Relying upon *Allison v. State*, 256 Ga. 851, 853 (8) (353 SE2d 805) (1987), Thompson contends that the trial court erred in allowing these witnesses to testify.

In *Allison*, the Supreme Court reversed the defendant's child molestation conviction because the state called three expert witnesses in rebuttal whose names had not been provided to the defendant. The Supreme Court found that these witnesses "were an important part of the state's main case, rather than true rebuttal witnesses." Id. at 854. It also found that the state had anticipated the defendant's testimony and, because of this, had engaged in "precisely the type of prosecutorial conduct that OCGA § 17-7-110 is designed to prohibit." Id. The anticipation of the defendant's testimony, however, was not the controlling factor in *Allison*. Rather, the case was reversed because the state purposefully withheld the identity of these important witnesses and thereby effectively deprived the defendant "of the opportunity to prepare a defense relative to their testimony." Id. at 853 (8).

Rebuttal testimony should not be excluded merely because the state could have introduced it during its main case. Each case must be decided on its own merits. It is the importance of the evidence to the state's main case and whether the withholding was intended or designed to deny the defendant an opportunity to prepare his defense in relation to that evidence which will determine if reversible error has occurred. See *Allison*, supra.

According to Thompson, he stopped at the store, discovered that the store's audible alarm system had been activated, and saw cartons of cigarettes and other items lying outside the store. After asking if anyone was there and receiving no response, he decided to wait at the crime scene for the police to arrive. Within approximately two minutes, a deputy sheriff arrived and arrested him for breaking into the store. The state subsequently called three witnesses to rebut Thompson's testimony regarding the amount of time it took the deputy to arrive at the crime scene. The testimony of the state's three witnesses tended to establish that the deputy arrived within seconds after the alarm sounded. The jury could infer from this testimony that the police arrived so quickly that no one but Thompson could

have committed the burglary, contrary to Thompson's claim. This is classic rebuttal evidence.

In response to Thompson's testimony at trial, the prosecutor stated for the record that he did not know the rebuttal witnesses existed until the day before they were called to testify, and that he decided to use them based only on his presumption that Thompson would testify. This case is distinguishable from *Allison*, supra. The record does not affirmatively establish that the state withheld the identity of witnesses important to the state's main case in order to lull Thompson into testifying or to deny him the opportunity of preparing a defense relative to such testimony. As a general rule, a trial court has discretion whether to admit or exclude the testimony of rebuttal witnesses whose identities have not previously been revealed. See *Smith v. State*, 260 Ga. 746, 748 (1) (399 SE2d 66) (1991); *Gregg v. State*, 216 Ga. App. 135, 136 (453 SE2d 499) (1995) (physical precedent only). Thompson has failed to show that the trial court abused its discretion by allowing these three witnesses to testify as rebuttal witnesses for the state. See *Cook v. State*, 199 Ga. App. 523, 524 (2) (405 SE2d 341) (1991).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 17, 1999.

*James S. Purvis*, for appellant.
*Richard R. Read, District Attorney, Robert G. Mikell, Assistant District Attorney*, for appellee.