## A09A1146. POINTER v. THE STATE.
### (682 SE2d 362)

JOHNSON, Presiding Judge.

Clinton Nathan Pointer was charged with committing aggravated child molestation, child molestation, and incest upon his daughter C. P., and committing two counts of child molestation upon his daughter A. P. A jury found him guilty of one count of child molestation against A. P. and one count of sexual battery (as a lesser included offense of child molestation) against A. P.[1] The jury found Pointer not guilty of the remaining charges. Pointer appeals from the convictions contending, among other things, that the trial court erred in finding that he received effective assistance of trial counsel. Because we conclude that trial counsel erred in not objecting to certain expert witness testimony and that the error was not harmless, we reverse.

Construed to support the verdict, evidence was presented that Pointer was the children's natural father. Thirteen-year-old A. P. told a friend that Pointer molested her. The friend reported the allegations to a counselor, who reported them to another counselor, who reported the claims to the sheriff's office.

An investigator with the sheriff's office testified that she met with A. P. in the school counselor's office, where A. P. told her that Pointer had fondled her and penetrated her vagina with his finger, the most recent incident occurring a few weeks earlier.

Another investigator interviewed A. P. A videotape of this interview was played for the jury. In the interview, A. P. stated that Pointer had touched her breasts and put his finger in her "private

---

[15] See *Allstate,* supra.

[1] Pointer was found guilty on Count 3, child molestation, for allegedly inserting his finger into A. P.'s vagina; and Count 4, sexual battery, for rubbing A. P.'s breasts.

part." At trial, without giving many details, A. P. testified that Pointer "molested" her, and that he touched her "inappropriately." A pediatrician examined A. P. and found a significant decrease in the amount of the child's hymenal tissue, which was "consistent with penetration."

A clinical psychologist, Dr. Steven Knauts, testified as an expert in sexual evaluation and treatment. Dr. Knauts testified that A. P. told him that Pointer had fondled her on three occasions, and on the last occasion "he stuck his finger in her." The witness testified that he showed A. P. some psychological testing cards and asked for her responses. The prosecutor then asked Dr. Knauts what his opinion was, based on the child's responses to the cards, "as to [A. P.] being sexually abused." The expert witness replied that the child's responses "are consistent with her reports of being sexually abused by her father." There was no objection. The prosecutor then asked the expert for his "overall impression." The witness stated, "(o)verall, the results of the evaluation strongly suggests that [A. P.] had been sexually abused as alleged." Defense counsel did not object. The prosecutor continued, asking, "(a)nd that sexual abuse was perpetrated upon her by her father. Is that correct?" The witness replied, "(t)hat is correct." Defense counsel objected to this particular testimony, urging that the witness could testify that the child may have been abused "by someone," but that the witness' response was improper. The court sustained the objection, stating that the expert could state his opinion that the child was sexually abused, but that the issue of who abused her was for the jury to decide. No curative instruction was requested or given.

A family therapist testified that A. P. had been exhibiting some of the symptoms of a child who has been sexually abused, such as "acting out" at home and school, being extremely flirtatious with boys, and cutting herself. The witness admitted on cross-examination that these behaviors could also be attributable to factors other than being improperly touched by her father.

1. Pointer contends trial counsel was ineffective because he failed to object to expert testimony that improperly bolstered the credibility of the victim and invaded the province of the jury. Specifically, he asserts that his attorney should have objected to Dr. Knauts' testimony that his evaluation "strongly suggests that [A. P.] had been sexually abused as alleged."[2] Pointer also argues that trial counsel was ineffective for failing to request a curative instruction or move for a mistrial when the prosecutor immediately thereafter

---

[2] We note that trial counsel suffered a stroke and was unavailable to testify at the hearing on the motion for a new trial.

asked the expert, "[a]nd that sexual abuse was perpetrated upon her by her father. Is that correct?" The expert responded, "[t]hat is correct."

> To obtain reversal of a conviction based on a claim of ineffective assistance of trial counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. In addressing the claim, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. The trial court's finding that a defendant was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous.[3]

As for the expert witness' testimony, it is well established that

> an expert may not testify as to his opinion as to the existence *vel non* of a fact (in this case, whether the child had been abused sexually) unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves.[4]

The witness' testimony that his evaluation "strongly suggests that [A. P.] had been sexually abused as alleged" was inadmissible.[5] Our courts have recognized a difference between expert testimony that "the victim's psychological exam was consistent with sexual abuse," and expert testimony that "in my opinion, the victim was sexually abused."[6] In the first situation, the expert leaves the ultimate issue for the jury to decide; in the second, the expert makes a factual conclusion which invades the province of the jury by providing a direct answer to the ultimate issue: was the victim sexually abused?[7]

The "strongly suggests" language in this case falls somewhere

---

[3] (Citations and punctuation omitted.) *Osbourne v. State*, 291 Ga. App. 711, 715 (6) (662 SE2d 792) (2008).

[4] *Allison v. State*, 256 Ga. 851, 853 (5) (353 SE2d 805) (1987).

[5] See id. at 853 (6).

[6] See *Odom v. State*, 243 Ga. App. 227, 228 (1) (531 SE2d 207) (2000).

[7] Id.

between the two types of testimony. The expert stops just short of stating his opinion that the victim was sexually abused, but he goes beyond merely stating that the evidence was consistent with sexual abuse. Considered in context, with the "as alleged" language, the testimony amounts to a factual conclusion (regarding whether the child was in fact sexually abused and, if so, whether Pointer was the abuser) which invades the province of the jury. The jurors were fully capable of deciding from the evidence, on their own, whether the child was in fact sexually abused as alleged.[8] The admission of this testimony over proper objection would have demanded reversal.[9] Accordingly, we hold that trial counsel was deficient in failing to object to this testimony.[10]

The issue then is whether, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different.[11] The evidence of Pointer's guilt was not overwhelming; it depended heavily upon the credibility of the witnesses. Therefore, the expert witness' opinion that the evidence strongly suggests that the child had been "sexually abused as alleged" was not superfluous; it usurped the jury's authority.[12] This is especially true given the expert witness' testimony immediately thereafter in which he opined that the sexual abuse was perpetrated upon the child by Pointer; although defense counsel posed an objection to this particular testimony, he did not request a curative instruction and the jury was not instructed to disregard what it had heard. Under the circumstances, it was highly probable that counsel's failure to object to this testimony contributed to the verdict.[13] Reversal is authorized and a new trial is required.[14]

2. In light of the foregoing, we need not address Pointer's remaining enumerations of error.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 17, 2009.

*Robert P. McFarland, Jr.*, for appellant.

---

[8] See *Allison*, supra at 853 (6).

[9] *Harris v. State*, 261 Ga. 386 (405 SE2d 482) (1991) (reversible error where physician gave opinion that child had been sexually molested); *Allison*, supra at 853 (7); *Hilliard v. State*, 226 Ga. App. 478, 479 (1) (487 SE2d 81) (1997); *Coxwell v. State*, 195 Ga. App. 751, 753 (3) (395 SE2d 38) (1990).

[10] See *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001).

[11] See generally *Osborne*, supra at 716 (6).

[12] See *Hilliard*, supra at 482 (1).

[13] See id.; see also *Cash v. State*, 294 Ga. App. 741, 746 (669 SE2d 731) (2008).

[14] See *Mann*, supra at 72-73 (1); *Hilliard*, supra; *Cash*, supra.

*Richard G. Milam, District Attorney, Jason S. Johnston, Assistant District Attorney,* for appellee.