**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 12, 2012**

# In the Court of Appeals of Georgia

A12A1103. CANTY v. THE STATE.                                    DO-042 C

DOYLE, Presiding Judge.

After a jury trial, Martin Canty was convicted of child molestation[1] and aggravated sexual battery.[2] Following the denial of his motion for new trial, Canty appeals, arguing that (1) the trial court erred by allowing testimony and prosecutorial comment on evidence of child abuse accommodation syndrome, which constituted impermissible opinion evidence; and (2) the trial court erred by allowing bolstering testimony as to the ultimate issue of guilt. For the reasons that follow, we affirm.

---

[1] OCGA § 16-6-4 (a) (1).

[2] OCGA § 16-6-22.2 (b).

Viewing the evidence in the light most favorable to the verdict,[3] the record shows that T. M. was four years old when she stayed with her maternal grandmother and her grandmother's husband, Canty. The grandmother left the house to pick up T. M.'s cousin, leaving T. M. alone with Canty, who gave the girl a bath. After the bath, Canty took T. M. to a bedroom, applied lotion to her, and digitally penetrated her vagina.[4]

Heidi Reese-Anderson, a forensic interview specialist, testified regarding T. M.'s disclosure to her that her "pop-pop" touched her inappropriately on more than one occasion. Anique Whitmore, who was a forensic interviewer for the Fulton County District Attorney's Office, testified regarding her interview of T. M. after the child's outcry and about the description of the abuse given by T. M. during that interview, namely that after "papa" gave T. M. a bath, he put his finger in her vagina and it hurt.

1. Canty argues that the trial court erred by admitting the testimony of Whitmore that T. M.'s inability to testify at trial was based on her suffering from

---

[3] See *Roberts v. State*, 313 Ga. App. 849, 850 (1) (723 SE2d 73) (2012).

[4] T. M. used the term "poo-poo," but indicated that this term described her vagina.

child abuse accommodation syndrome and that such testimony improperly invaded the province of the jury by concluding that T. M. had been abused by Canty. We disagree.

In addition to her testimony concerning her specific forensic interview of T. M., Whitmore testified about forensic interviews generally of children alleging abuse, the procedures used, and her general experience with children during the process of disclosing abuse and the normal behavior of those children. The State also questioned Whitmore about child abuse accommodation syndrome and to explain the syndrome to the jury. Canty objected to the question, and the prosecutor responded, "Based on what happened in open court yesterday [when T. M. was unable to testify because she was upset], we believe that this area is particularly important for the jury to understand what may have been the cause of some of [T. M.'s] response." Canty argued that such a statement by the prosecutor before the jury along with Whitmore's testimony regarding the general features of child abuse accommodation syndrome amounted to an opinion statement that T. M. was in fact abused by Canty, which invaded the province of the jury.

We agree that

3

it is well established that an expert may not testify as to his opinion as to the existence vel non of a fact (in this case, whether the child had been abused sexually) unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — . . . unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves.[5]

In practice, this rule has resulted in the following recognized dichotomy between

expert testimony that the victim's psychological exam was consistent with sexual abuse, and expert testimony that in [the expert's] opinion, the victim was sexually abused. In the first situation, the expert leaves the ultimate issue for the jury to decide; in the second, the expert makes a factual conclusion [that] invades the province of the jury by providing a direct answer to the ultimate issue: was the victim sexually abused?[6]

In this case, however, Whitmore provided only general testimony concerning child abuse accommodation syndrome and the behaviors abused children often exhibit as a result of having been abused. Whitmore did not testify that in her opinion T. M. had been abused or that T. M.'s inability to take the stand to testify against

---

[5] (Punctuation omitted.) *Bunn v. State*, 307 Ga. App. 381, 386 (3) (e) (705 SE2d 180) (2010) quoting *Allison v. State*, 256 Ga. 851, 853 (5) (353 SE2d 805) (1987).

[6] (Footnote and punctuation omitted.) *Pointer v. State*, 299 Ga. App. 249, 251 (1) (682 SE2d 362) (2009) (reviewing the issue for ineffective assistance of counsel).

Canty was a result of having been abused by Canty.[7] Moreover, even when taken together with the prosecutor's argument to the trial court that such testimony was relevant in light of T. M.'s behavior during trial the previous day, it was not erroneous to allow the testimony. The jury witnessed T. M.'s demeanor in the courtroom, and Whitmore did not testify that in her opinion this behavior was consistent with child abuse accommodation syndrome. Rather, Whitmore testified about the features of the syndrome, her general experience with abused children and their demeanors (testimony which established nothing more than that children all react differently), and her interview with T. M. "[T]he question of whether, notwithstanding her behavior, [T. M.] was or was not molested . . . remain[ed] exclusively for jury resolution. The testimony [simply was] available for the jury to accept or reject for consideration in its determination of the ultimate issue."[8]

---

[7] Compare with *Pointer*, 299 Ga. App. at 251 (1) (reversing conviction based on expert's testimony that his evaluation of the victim "strongly suggest[ed] that [the victim] had been sexually abused as alleged"). See also *Allison*, 256 Ga. at 853 (5); *Hafez v. State*, 290 Ga. App. 800, 801 (2) (660 SE2d 787) (2008).

[8] (Punctuation omitted.) *Knight v. State*, 207 Ga. App. 846, 847 (1) (429 SE2d 326) (1993).

Accordingly, the trial court did not err by denying the motion for mistrial or motion for new trial based on this testimony, and this enumeration is, therefore, without merit.

2. Canty also argues that the trial court erred by allowing testimony of Reese-Anderson that improperly commented on Reese-Anderson's opinion of T. M.'s truthfulness. We disagree.

Canty takes issue with the following testimony by Reese-Anderson regarding her forensic interview of T. M. On redirect examination, the prosecutor asked Reese-Anderson to explain the phenomenon of "suggestion" as it related to forensic interviews of children and whether Reese-Anderson had observed any indication that T. M. had been subject to any type of suggestion prior to or during the interview.

> It is true that in Georgia, the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness. Thus, a witness may not give an opinion as to whether the victim is telling the truth. Furthermore, Georgia law generally precludes a witness from testifying as to his or her opinion regarding an ultimate issue in the case because to do so would invade the province of the jury.[9]

---

[9] (Citation and punctuation omitted.) *Towery v. State*, 304 Ga. App. 139, 143 (2) (a) (695 SE2d 683) (2010).

6

This Court, however, has repeatedly held admissible testimony by an expert witness that such witness did not observe any evidence of coaching, deception, or other phenomenon during forensic interviews.[10] Here, Reese-Anderson did not directly comment on T. M.'s credibility "and did not impermissibly address the ultimate issue" of whether Canty improperly touched T. M.[11]

Accordingly, this enumeration is without merit.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[10] See id. at 143-144 (2) (a) (collecting cases); *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006) (holding statements admissible because "'the inquiry was simply whether the [witness] noticed any particular actions or statements that indicated deception, not whether she found the [victim] believable or credible'").

[11] *Vaughn v. State*, 307 Ga. App. 754, 759 (4) (706 SE2d 137) (2011).