# Court of Appeals
# of the State of Georgia

ATLANTA,  April 16, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0394.  MARTIN CANTY v. THE STATE.**

Following a jury trial, Martin Canty was convicted of child molestation and aggravated sexual battery. We affirmed his convictions on appeal following the trial court's denial of his motion for new trial. *Canty v. State*, 318 Ga. App. 13 (733 SE2d 64) (2012). In October 2018, Canty filed a "Motion to Void and Vacate Null Sentence."[1] In an order entered on January 4, 2019, the trial court granted Canty's motion in part and amended his sentence by splitting the five-year sentence on his child molestation conviction to include one year to serve on probation in compliance with OCGA § 17-10-6.2. The court denied Canty's motion in all other respects. On March 18, 2019, Canty filed the instant application for discretionary appeal, arguing that the trial court should have also imposed a split sentence for his aggravated sexual battery conviction. We, however, lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga.

---

[1] Canty did not include a copy of the motion he filed in the trial court in violation of our Court rules. See Court of Appeals Rule 31 (e) (the application materials shall include "a copy of any petition or motion that led directly to the order or judgment being appealed").

App. 734 (380 SE2d 57) (1989). Because Canty's application was filed 73 days after entry of the order he seeks to appeal, it is untimely.[2]

Accordingly, we lack jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.[3]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/16/2019__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*

---

[2] Canty originally attempted to file his application in this Court on March 5, 2019, but his submission was returned to him because he failed to provide a filed "stamped" copy of the trial court's order. See Court of Appeals Rule 31 (c) (applications must include a stamped "filed" copy of the trial court order, and this Court shall return any application not containing such a copy). In any event, this filing also would have been untimely as to the trial court's January 4, 2019 order.

[3] In his application, Canty indicates that he only learned that the trial court had issued an order on his "Motion to Void and Vacate Null Sentence" after he received a sentence computation report from the Georgia Department of Corrections. He then petitioned the trial court for a copy of the January 4, 2019 order. If, as Canty appears to suggest, his right to timely seek appellate review was frustrated due to a trial court error, his remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).