# Court of Appeals
# of the State of Georgia

ATLANTA,  May 13, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1901. MARTIN CANTY v. THE STATE.**

In 2008, a jury found Martin Canty guilty of committing aggravated sexual battery and child molestation against his four-year-old step-granddaughter, for which he was sentenced to serve a total of 25 years in prison. On appeal from the denial of Canty's motion for a new trial, this Court affirmed his convictions. *Canty v. State*, 318 Ga. App. 13 (733 SE2d 64) (2012).[1] Since that time Canty has filed multiple motions, including a motion in arrest of judgment and motions to vacate or modify his sentence.[2] In March 2026, Canty filed a motion for leave to file an out-of-time motion for a new trial. The trial court dismissed that motion, and Canty filed this direct appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May

---

[1] The remittitur was sent on October 12, 2012.

[2] See Case Nos. A19D0394 (Apr. 16, 2019) (dismissing untimely discretionary application from motion to vacate sentence); A22A0451 (Mar. 25, 2022) (affirming dismissal of motion in arrest of judgment); A24D0389 (Jul. 9, 2024) (dismissing untimely discretionary application from order partially vacating and amending his sentence); A25A0782 (Jan. 20, 2025) (dismissing direct appeal of order partially vacating and amending his sentence as abandoned); A25A2115 (Mar. 9, 2026) (dismissing appeal and second attempt to challenge his amended sentence).

14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1(b). However, OCGA § 5-6-39.1(b) does not apply here, as Canty did not file his motion for out-of-time motion for new trial within 100 days from the expiration of the time period for filing a motion for new trial, nor did he have his motion or appeal dismissed under *Cook*.

Moreover, the remedies under OCGA § 5-6-39.1 are not available to Canty because he has already had a direct appeal. *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (a criminal defendant whose conviction has been affirmed on direct appeal has no right of direct appeal from the denial of a motion for an out-of-time appeal); see also *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003). Instead, such a defendant "may gain further appellate review of the judgment of conviction by filing an extraordinary motion for new trial or a petition for writ of habeas corpus." *Richards*, 275 Ga. at 192 n.1.

For the above reasons, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 05/13/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*